UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>LT. J. OSTRANDER, S. SAVOIE,<br><br>Defendants. | Case No. 1:19-cv-0994-AWI-JLT (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE**<br><br>**FOURTEEN-DAY DEADLINE** |

This action proceeds on plaintiff's first amended complaint on a First Amendment retaliation claim against Correctional Officer S. Savoie and a Fourteenth Amendment equal protection claim against Lt. J. Ostrander. (Doc. 17.) Defendants have since been served and appeared in this case.

Recently, defendants filed a motion to strike the first amended complaint for plaintiff's failure to pay the filing fee or to submit an application to proceed in forma pauperis. (Doc. 29.) Indeed, it appears that plaintiff has not paid the filing fee or sought leave to proceed in forma pauperis. He will therefore be ordered to do so immediately.

It also appears that plaintiff is a three strikes litigant within the meaning of 28 U.S.C. § 1915(g). See Cruz v. Valdez; 1:18-cv-0571-DAD-EPG, Doc. 34. The Prison Litigation Reform Act of 1995 was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

1

of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) is commonly referred to as the "three strikes rule." The three strikes rule "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." Kinnell v. Graves, 265 F.3d 1125, 1127 (10th Cir. 2001).

A plaintiff barred from bringing an action in forma pauperis because he has three strikes may still proceed without prepaying court fees if he can show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the exception turns on the "conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055. In order to satisfy the imminence prong, the prisoner must allege that the danger is ongoing. See id. at 1056-57. Therefore, should plaintiff decide to avail himself of the imminent danger exception, he shall show that he meets the exception's requirements at the time that he initiated this action. Based on the foregoing, the Court ORDERS as follows:

1. The January 14, 2021, order directing defendants to file a responsive pleading (Doc. 27) is VACATED;
2. Within fourteen days, plaintiff shall submit the $405 filing fee in full or file an application to proceed in forma pauperis; and
3. The court reserves ruling on defendants' motion to strike.

IT IS SO ORDERED.

Dated:   **February 1, 2021**               /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE