UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>LT. J. OSTRANDER, S. SAVOIE,<br><br>Defendants. | Case No. 1:19-cv-0994-AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**(Doc. 32)**<br><br>**FOURTEEN-DAY DEADLINE** |

This action proceeds on plaintiff's first amended complaint on a First Amendment retaliation claim against Correctional Officer (CO) S. Savoie and a Fourteenth Amendment equal protection claim against Lt. J. Ostrander. (Doc. 17.) Defendants have since been served and appeared in this case. Recently, defendants filed a motion to strike the first amended complaint for plaintiff's failure to pay the filing fee or to submit an application to proceed in forma pauperis. (Doc. 29.) Because it appeared that plaintiff had indeed not paid the filing fee or sought leave to proceed in forma pauperis, he was ordered to do so immediately. (Doc. 30.) Plaintiff was also informed that he is a three-strikes litigant within the meaning of 28 U.S.C. § 1915 and that, if he wished to proceed in forma pauperis, he would need to show that he meets the requirements of Section 1915(g), which provides an exception to the three-strikes bar. Plaintiff has now submitted an application to proceed in forma pauperis. (Doc. 32.) For the reasons set forth below, the court will recommend that it be denied.

1

**I. Three Strikes Provision of 28 U.S.C. 1915(g)**

In forma pauperis proceedings are governed by 28 U.S.C. § 1915. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA,1 "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under

§ 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

**II. Analysis**

A review of the actions filed by plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury. Plaintiff has filed numerous unsuccessful cases in the Eastern District of California under the names "Guillermo Trujillo Cruz," "Guillermo Cruz Trujillo," and "Guillermo Trujillo." Court records reflect that on at least three prior occasions plaintiff has brought actions while incarcerated that were dismissed as either frivolous, malicious, or for failure to state a claim upon which relief may be granted. The court takes judicial notice of the following four cases:

(1) Cruz v. Munoz, No. 1:14-cv-01215-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on May 17, 2016);

(2) Cruz v. Munoz, No. 1:14-cv-00976-DLB (PC) (E.D. Cal.) (dismissed for failure to state a claim on May 11, 2016);

(3) Cruz v. Ruiz, No. 1:14-cv-00975-SAB (PC) (E.D. Cal.) (dismissed for failure to state a claim on January 6, 2016); and

(4) Trujillo v. Sherman, No. 1:14-cv-01401-BAM (PC) (E.D. Cal.) (dismissed for failure to state a claim on April 24, 2015).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or

a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has carefully reviewed plaintiff's complaint and finds it does not contain "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." Cervantes, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

The complaint is premised on conduct occurring in April and May 2016. Therein, plaintiff accuses CO Savoie of retaliating against plaintiff for having filed an inmate grievance against him. CO Savoie is alleged to have issued a falsified Rules Violation Report (RVR) accusing plaintiff of "overfamiliarity" when he allegedly said to CO Savoie, "You sexually arouse me when I see you." During a hearing on the RVR, Lt. Ostrander conspired with CO Savoie to find plaintiff guilty of the RVR following a hearing. Lt. Ostrander allegedly said, "It's a white's world anyways you (Spick)." Plaintiff claims that these defendants were aware that charging him with sexual misconduct or a similar infraction would render him vulnerable to assaults, as eventually happened to him at High Desert State Prison in August 2018.

On review, the court concludes that these allegations fail to plausibly meet § 1915(g)'s exception for imminent danger. See Cervantes, 493 F.3d at 1055-56 (plaintiff must allege to face a real, proximate and/or ongoing danger at the time of filing); Prophet v. Clark, No. 1:08-cv-0982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(g) exception for cases of "imminent danger of serious physical injury"). Plaintiff has not alleged facts showing that he faced a real, present threat of serious physical injury at the time he filed his complaint on July 19, 2019. Plaintiff's assertions that he was injured by other individuals years later at High Desert State Prison are insufficient to show that any of the named defendants placed plaintiff in imminent danger of serious physical injury. Accordingly, plaintiff's broad allegations of danger are insufficient to meet the requirements of the imminent danger exception. Therefore,

the court finds that plaintiff may not proceed in forma pauperis with this action and must submit the appropriate filing fee in order to proceed with this action. Accordingly, plaintiff's application to proceed in forma pauperis should be denied, and plaintiff should be required to pay the $405.00 filing fee in full before proceeding with this case.

### III. Conclusion

Based on the foregoing, the Court RECOMMENDS as follows:

1. Plaintiff's application to proceed in forma pauperis be DENIED under 28 U.S.C. § 1915(g); and
2. Plaintiff be REQUIRED to submit the $402 filing fee for this case in full within thirty days from the date of service of this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 3, 2021**                      /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE