UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>LT. J. OSTRANDER, S. SAVOIE,<br><br>Defendants. | 1:19-cv-00994-AWI-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 22) |

On December 3, 2020, Plaintiff filed a motion seeking the appointment of counsel. (Doc. 22.)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The Court may request the voluntary assistance of counsel under section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.*

///

In the present case, the Court does not find the required exceptional circumstances. Even assuming that Plaintiff is not well-versed in the law and that he has made serious allegations, which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. Moreover, based on a review of the record, the Court finds that Plaintiff can articulate his claims adequately. *Id.*

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for the appointment of counsel. (Doc. 22.)

IT IS SO ORDERED.

Dated: **June 3, 2021**  /s/ Jennifer L. Thurston
CHIEF UNITED STATES MAGISTRATE JUDGE